IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-5250-L |
| | § | |
| MICHAEL KEITH TISDALE, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| AND | § | |
| | § | |
| CREDIT UNION OF TEXAS, ET AL., | § | |
| | § | |
| Garnishees. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Michael Keith Tisdale has filed a Claim for Exemptions and Request for Hearing [Dkt. No. 22] ("Defendant's Claim for Exemptions"). Plaintiff United States of America filed a Response [Dkt. No. 24] opposing Defendant's Claim for Exemptions. The Court granted Defendant's request for a hearing. *See* Dkt. Nos. 23.[1] Judge Lindsay referred Defendant's Claim for Exemptions and/or Request for Hearing to the undersigned pursuant to 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 33. The undersigned reset Defendant's Claim for Exemptions for a hearing, *see* Dkt. No.

---

[1] Judge Boyle presided over this case initially and granted Defendant's request for a hearing. However, Judge Boyle was later recused from this case, and the order setting a hearing was vacated. *See* Dkt. Nos. 26 & 32. Judge Lindsay was reassigned to this case for all further proceedings. *See* Dkt. No. 32.

34, and a hearing was held on August 2, 2013, *see* Dkt. No. 36. For the reasons set forth below, Defendant's Claim for Exemptions [Dkt. No. 22] should be DENIED.

## Background

Defendant was convicted in *United States v. Michael Keith Tisdale*, No. 3:03-cr-248-R (N.D. Tex.) for violations of 18 U.S.C. §§ 371 and 1344 for Conspiracy to Commit Bank Fraud, Social Security Number Fraud, Fraudulent Use of Identification Documents, and Bank Fraud and ordered to pay mandatory restitution in the total amount of $240,488.00. *See* Dkt. No. 24 at 1-2 (citing Second Amended Judgment, pp.5-7 [Dkt. No. 456 in Case No. 3:03-cr-248-R]). Defendant was ordered to pay monthly installments of $200 to commence 60 days after his release from imprisonment to a term of supervision. *See* Dkt. No. 22 at 14 of 15.

There is no dispute that, after Defendant's release from imprisonment, Defendant begin making payments pursuant to the schedule of payments ordered by the Court. On or about August 29, 2012, Plaintiff informed Defendant by letter that, based on recent financial information it had received, Defendant's monthly payment was increased to $1,000 per month beginning September 1, 2012 and that Defendant's payment of $1,000 was due on September 15, 2012. *See* Dkt. No. 25-1. While Defendant disputes that he received the August 29, 2012 letter, he acknowledged at the evidentiary hearing that he did become aware, through his probation officer, that his monthly payment had been increased to $1,000.

While Defendant has continued to make payments of $200 (and, on occasion, $300) per month, Defendant has declined to make payments of $1,000 per month,

citing financial hardship. Plaintiff then filed an Application for Writ of Garnishment on December 27, 2012. Plaintiff seeks to garnish Defendant's checking and saving accounts held by Credit Union of Texas in full, which have in total an approximate value of $3,833.37, as well as 25% of Defendant's wages from Fitness International, LLC. Defendant objects to Plaintiff's garnishment on numerous grounds. Plaintiff also sought to garnish a checking account held on behalf of Defendant and/or his wife by Woodforest National Bank with an approximate value of $39.44, but, at the hearing, Plaintiff's counsel represented that Plaintiff will not pursue a garnishment against this account due to its *de minimis* value.

## Legal Standards

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) & (f). One such procedure is a writ of garnishment under the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3205. This statute provides, in pertinent part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor[.]

*Id.* § 3205(a). However, certain property is exempt from garnishment. This includes "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986." 18 U.S.C. § 3613(a)(1). The

party filing an objection has the burden of proving the grounds for any exemption. *See* 28 U.S.C. § 3205(c)(5); *United States v. Sharlow*, No. 3-9-cv-2238-F, 2010 WL 1779646, at *2 (N.D. Tex. Mar. 26, 2010), *rec adopted* 2010 WL 1779645 (N.D. Tex. Apr. 29, 2010).

**Analysis**

Defendant asserts six exemptions from garnishment: (1) the garnishment conflicts with the judgment in his criminal case; (2) Defendant has timely paid the amount required by the judgment and received no notice of late payments; (3) the garnishment exceeds the limits set forth in 15 U.S.C. § 1673(a); (4) Plaintiff seeks to garnish the separate property of Defendant's wife; (5) Plaintiff seeks to garnish the community property Defendant shares with his wife; and (6) financial hardship.

I.  Defendant's Argument that the Garnishment Conflicts with the Judgment in Defendant's Criminal Case

Defendant argues that the garnishment now sought by Plaintiff conflicts with the judgment entered in his criminal case, which provides for a monthly payment schedule of $200 per month.

The United States Court of Appeals for the Fifth Circuit has rejected the argument that immediate payment of restitution is not required because the judgment specified that it be paid in installments. *See United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (overruling defendant's objection to government's garnishment of certain pension benefits, despite the fact that defendant's payment plan provided for payment by installments). A payment schedule instituted by the district court does not

otherwise foreclose the government's collection of restitution. *See id.*; *United States v. Urso*, No. 3:08-cv-1230-L, 2009 WL 2999521, at *1-*2 (N.D. Tex. Sept. 18, 2009) (rejecting defendant's argument that the government was limited to collecting only pursuant to defendant's payment plan and holding that the government was entitled to garnish 25% of defendant's spouse's wages in addition to scheduled payments); *United States v. Clayton*, 646 F. Supp. 2d 827, 835 (E.D. La. 2009) (holding that the enforcement mechanisms in the Mandatory Victim Restitution Act "remain available even in the face of a payment schedule instituted by the district court in its criminal judgment"). Therefore, Defendant's prior payment schedule does not preclude Plaintiff from garnishing Defendant's wages or his accounts held by Credit Union of Texas.

For these reasons, Defendant's claim for exemption on his first ground should be denied.

II. Defendant's Argument that He Has Timely Paid the Amount Required by the Judgment and Received No Notice of Late Payments

Defendant asserts that he has never received a notice of late payment, demand of payment in full, or notice of no payment, which is in violation of 28 U.S.C. § 3205. 28 U.S.C. § 3205 provides in relevant part:

> (b) Writ. –
>
> > (1) General requirements. – The United States shall include in its application for a writ of garnishment...
> > > (B) the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due....

Plaintiff's Application for Writ of Garnishment [Dkt. No. 2] complies with 28 U.S.C. § 3205(b) on its face, and Plaintiff has demonstrated that it met its statutory obligations. Plaintiff's Application for Writ of Garnishment was filed on December 27, 2012. On August 29, 2012, Plaintiff sent a demand to Defendant at 8024 Cavalier Drive, Plano, Texas 75024, *see* Dkt. No. 25-1, which Defendant acknowledged was his address as of August 29, 2012. Although Defendant has represented that he did not receive the August 29, 2012 demand letter, Plaintiff complied with its obligations under the statute.

In any case, there is no dispute that, prior to the filing of the Application for Writ of Garnishment, Defendant's probation officer gave him a copy of the August 29, 2012 demand letter and explained to him that Plaintiff wanted to increase his monthly payment. In fact, Defendant acknowledged at the evidentiary hearing that he and staff from the United States Attorney's office met to discuss the August 29, 2012 demand letter.

Because Plaintiff complied with its statutory obligations, and especially in light of the fact that Defendant acknowledges that he had notice of the August 29, 2012 demand letter, Defendant's objection to garnishment on the basis that he did not receive notice should be rejected.

III.  Defendant's Argument that the Garnishment Exceeds the Limits Set Forth in 15 U.S.C. § 1673(a)

Defendant asserts that the garnishment sought by Plaintiff exceeds the limits set forth in 15 U.S.C. § 1673(a) and that, as such, the garnishment includes exempted

funds. 15 U.S C. § 1673 provides:

> (a) Maximum allowable garnishment
>
> Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
>
>> (1) 25 per centum of his disposable earnings for that week, or
>>
>> (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,
>
> whichever is less.

Because Plaintiff seeks to garnish 25% of Defendant's disposable earnings, the proposed garnishment does not exceed the limits set forth in 15 U.S.C. § 1673(a). As for the funds in Defendant's checking and savings accounts held by Credit Union of Texas, once earnings are deposited into an account, those funds are no longer characterized as "earnings" and therefore lose the 25% exemption. *See United States v. McKnight*, No. A-08-cr-256, 2012 WL 5336165, at *1 (W.D. Tex. Oct. 26, 2012), *rec adopted*, 1:08-cr-00256-LY [Dkt. No. 24] (Nov. 20, 2012) (citing *United States v. Laws*, 352 F. Supp. 2d 707, 713 (E.D. Va. 2004)) (holding that wages which have voluntarily converted into savings are no longer "earnings" under the Consumer Credit Protection Act); *Citronelle–Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1191 (11th Cir.1991) (once disposable earnings are commingled with other funds in an account, they lose exempt status); *Usery v. First National Bank of Arizona*, 586 F.2d 107, 108-10 (9th Cir.1978) (compensation does not retain character as "earnings" after deposit because

bank account differs from paycheck elements of periodicity and relationship to subsistence)).

Because Plaintiff seeks to garnish 25% of Defendant's disposable earnings, and because Defendant's remaining accounts do not constitute "earnings" subject to 15 U.S.C. § 1673(a), Defendant's claim for exemption on this ground should be denied.

IV.   Defendant's Argument Regarding Separate Property

Defendant asserts that funds held by Woodforest National Bank are the separate property of his wife, Regina E. Brown-Tisdale, and should be exempted from garnishment. Although Plaintiff maintains that these funds are community property subject to garnishment, Plaintiff represented at the evidentiary hearing that it does not intend to pursue garnishment of these funds because they are *de minimis* and that it will move to quash the writ of garnishment applied thereto. As such, the undersigned need not make a recommendation as to – and, in denying Defendant's Claim for Exemption, the Court need not rule on – whether or not Plaintiff may properly garnish the funds held by Woodforest National Bank because Plaintiff will file a motion to quash the writ of garnishment served on this garnishee.

V.   Defendant's Argument Regarding Community Property

Defendant argues that the funds held by Credit Union of Texas include exempted funds because they are held as community property with Defendant's spouse.

Under Texas law, marital property is classified as either separate property or community property. "Separate property" includes all property a person acquires before marriage, by gift, devise, or descent, and recovery for personal injuries. *See* TEX.

CONST. art. 16, § 15; TEX. FAM. CODE § 3.001. Community property is "property, other than separate property, acquired by either spouse during marriage." TEX. FAM. CODE § 3.002. All property acquired during marriage is presumed to be community property, *see id.* § 3.003(a), with each spouse owning an undivided one-half interest in all community assets, *see United States v. Loftis*, 607 F.3d 173, 178 (5th Cir. 2010) (applying Texas law). Community property is characterized as either "solely managed" or "jointly managed." "Solely managed community property" is property that a spouse would have owned if he or she were single, including: (1) personal earnings; (2) revenue from separate property; (3) recoveries for personal injuries; and (4) the increase and mutations of, and the revenue from, all property subject to the spouse's sole management, control, and disposition. See TEX. FAM. CODE § 3.102(a). Community property that is not the solely managed property of one spouse is "jointly managed community property." *See id.* § 3.102(c).

The United States Court of Appeals for the Fifth Circuit has held that the United States's criminal restitution lien attaches to community property defined under Texas state law in the following manner: (1) all of the debtor's sole-managed community property; (2) all of the couple's joint-managed community property, including the non-debtor spouse's undivided one-half interest in the couple's joint-managed community property; and (3) one-half of the non-debtor's sole-management community property. *See Loftis*, 607 F.3d at 178-79.

The funds held by Credit Union of Texas are either Defendant's sole-managed community property or the couple's joint-managed community property, as the funds

in the account consist primarily of direct deposits of Defendant's earnings. *See* Plaintiff's Exhibit 6 (business records produced by Credit Union of Texas). The undersigned need not determine whether the funds are Defendant's sole-managed community property or the couple's joint-managed community property, as it makes no difference with respect to the amount of the garnishment. Plaintiff may garnish the entirety of the account, including Defendant spouse's undivided one-half interest. *See Loftis*, 607 F.3d at 178-79.

For these reasons, Defendant's claim for exemption on his fifth ground should be denied.

VI.  Defendant's Argument Regarding Financial Hardship

Finally, Defendant argues that the 25% wage garnishment to Fitness International, LLC represents an undue financial hardship to Defendant and his family. Defendant urges that he is not in default on his initial payment schedule and that the 25% garnishment is excessive.

However, Plaintiff's request for garnishment does not exceed the limitations imposed by law, and undue hardship is not recognized as a valid objection to a writ of garnishment. *See U.S. v. Bolden*, No. 3:10-cv-1744-L, 2010 WL 5452116, at *1 (N.D. Tex. Dec. 28, 2010); *Sharlow*, 2010 WL 1779646, at *2.

Defendant's claim for exemption on his sixth ground should be denied.

## Recommendation

Defendant Michael Keith Tisdale's Claim for Exemptions [Dkt. No. 22] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE